**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GERBER ARCE POLANCO** | : | **CIVIL ACTION NO. 1:26-CV-2300** |
| | : | |
| **Petitioner,** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **ANGELA HOOVER, WARDEN of Clinton County Correctional Facility,** | : | |
| | : | |
| | : | |
| **Respondent.** | : | |

## MEMORANDUM

Presently before the court is a petition (Doc. 1) for a writ of habeas corpus filed by petitioner Gerber Arce Polanco, seeking his release pending removal proceedings. Polanco, a citizen of El Salvador, is scheduled to appear before a master immigration judge on September 21, 2026.[1]

The Government candidly admits that the case is controlled by recent Third Circuit precedent in Gabriel Buele Morocho v. Warden, Philadelphia FDC, et al, Civ. No. 26-1150, --- F.4th ----, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). In that decision, the court explained the BIA's rule interpretation—that individuals such as Polanco were necessarily applicants for admission, as articulated in Matter of Yajure Hurtado, 29 I & N Dec. 216 (BIA 2025)—was an incorrect interpretation of the governing statutes. Morocho, 2026 WL 2546223 at *3-*5. The court explained

[1] The court determined this fact via the Executive Office for Immigration Review's website. See EOIR Automated Case Information https://acis.eoir.justice.gov/en/ (last visited September 19, 2026).

individuals such as Polanco, who were not "engage[ed] in an ongoing affirmative act to seek admission to the United States" were not subject to Section 1225(b)(2)(A), but rather, Section 1226(a). Id. at *4. The government does not argue here, nor are there facts on the record to support, that Polanco was seeking admission when detained. Therefore, because Morocho is binding upon this court, the court considers this petition as arising under Section 1226(a).

In this new light, it is apparent the proper outcome in this matter is for Polanco, who is not alleged to have any criminal history, is to be immediately released from ICE custody. This comports with this court's past, pre-Morocho precedent (See e.g., Chaudhari v. Rose, Civ. No. 3:26-CV-242, 2026 WL 540378 at *6 (M.D. Pa. Feb. 26, 2026) (ordering the release of a prisoner ostensibly held under Section 1225(b)(2)(A))), and with the result of Morocho, wherein the Third Circuit affirmed the district courts' release of the petitioners. Morocho, 2026 WL 2546223 at *10. The court will grant the writ of habeas corpus and require the government to release petitioner.

An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania